**Reversed and Remanded and Majority and Dissenting Opinions filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01105-CV

---

### ISABEL CAMPBELL, Appellant

### V.

### AMANDA DUFFY MABRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF AUSTIN R. DUFFY, Appellee

---

**On Appeal from the Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 410,842-401**

---

### O P I N I O N

In this case concerning claims of unpaid wages, the trial court granted summary judgment in the employer's favor on the ground that the employee's wage claim before the Texas Workforce Commission ("the TWC") is entitled to res judicata effect, precluding a subsequent wage claim in a civil court. In its summary-judgment motion, the employer addressed a prior version of the law,

under which the TWC had subject-matter jurisdiction over all of the employee's wage claims. Because the TWC now lacks subject-matter jurisdiction over claims for wages due more than 180 days before the complaint is filed, the employer failed to establish the extent to which the agency's decision is a final judgment on the merits. We reverse and remand without addressing the remaining elements of the employer's res judicata defense.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2012, Isabel Campbell filed a wage claim with the Texas Workforce Commission seeking unpaid wages of $698,880.00. She alleged that she worked for Don and Amanda Duffy Mabry, providing private home health care for one of her employer's parents from August 28, 2006 through February 28, 2012. She represented that she agreed to work twenty-four hours a day, seven days a week; that her rate of pay was $14.00 per hour; and that the Mabrys breached a promise to pay her overtime at the rate of $21.00 per hour. The TWC found that (a) it lacked jurisdiction to rule on Campbell's claim for unpaid overtime wages that were due more than 180 days before she filed her complaint, and (b) Campbell's employment was exempt from the overtime provisions of the Fair Labor Standards Act. The TWC accordingly dismissed the claim. Campbell contested the ruling, but then voluntarily dismissed the appeal.

A few weeks later, Campbell filed suit against Amanda Mabry, individually and as executrix of the estate of Mabry's father Austin R. Duffy, for breach of a written employment contract and fraud in inducing Campbell to enter into the contract. Campbell later amended the petition to assert a claim in quantum meruit for the value of the services she rendered. Overtime is not mentioned in Campbell's pleadings.

Mabry moved for traditional summary judgment on the ground of res

2

judicata, arguing that the TWC already had ruled on the same claims against the same parties. The trial court granted the motion. In a single issue, Campbell challenges that ruling.

## II. STANDARD OF REVIEW

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). On appeal, the movant for traditional summary judgment still bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). We review the judgment by considering all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

## III. ANALYSIS

To obtain summary judgment on the ground that the plaintiff's claims are barred by res judicata, a defendant must establish that (a) a court of competent jurisdiction already has rendered a final judgment on the merits in an action, (b) the prior action was between the same parties or those in privity with them, and (c) the claims now being raised are the same as those that were litigated or that could have been litigated in the earlier action. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

S.W.3d 78, 86 (Tex. 2008), *superseded by statute on other grounds*, Act of April 28, 2009, 81st Leg., R.S., ch. 21, §§ 1–2, 2009 TEX. GEN. LAWS 40, 40 (codified at TEX. LAB. CODE ANN. § 61.052(b-1) (West Supp. 2014) and as an amendment to TEX. LAB. CODE ANN. § 61.051(c)), *as recognized in Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 n.17 (Tex. 2012). In her summary-judgment motion, Mabry asserted that the entirety of the TWC's ruling in Campbell's earlier wage claim was a final judgment on the merits; that the parties in this action are the same as those in the TWC action; and that the claims in both proceedings are the same. We conclude, however, that Mabry failed to establish these assertions as a matter of law, and thus, the burden never shifted to Campbell to raise a genuine issue of material fact.

In arguing that the TWC's ruling was a final judgment on the merits, Mabry relied entirely on a case decided under a prior version of the law. *See Igal*, 250 S.W.3d at 84. Under the law as it existed when *Igal* was decided, the TWC had concurrent jurisdiction with the civil courts over wage claims; thus, under the law as it then existed, Campbell could have pursued the entirety of her wage claim before either tribunal. *See id.* at 82. Wage claims brought before the TWC may be adjudicated more quickly and inexpensively than similar claims brought in court. *See id.* But the trade-off for bringing a wage claim before the TWC was that a claimant had to file the claim within 180 days after the wages were due. *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269 § 1, sec. 61.051(c), 1993 TEX. GEN. LAWS 987, 1014 ("A wage claim must be filed not later than the 180th day after the date the wages claimed became due for payment."). Although the TWC argued that the 180-day filing requirement was jurisdictional, the Texas Supreme Court rejected that argument. *Igal*, 250 S.W.3d at 89. The *Igal* court determined that although the 180-day deadline was mandatory, it was not jurisdictional, but instead

was in the nature of an affirmative limitations defense. *See id.* at 90. Thus, under *Igal*, a final judgment by the TWC was a final judgment on the merits by a court of competent jurisdiction entitled to res judicata effect. *See id.*

The problem with Mabry's reliance on *Igal* is that our state legislature immediately responded by amending the statute. *See* Act of Apr. 28, 2009, 81st Leg., R.S., ch. 21, §§ 1–2, 2009 TEX. GEN. LAWS 40, 40. For wage claims filed in the TWC on or after September 1, 2009, "[t]he 180-day deadline is a matter of jurisdiction." TEX. LAB. CODE ANN. § 61.051(c); *see also id.* § 61.052(b-1) ("If a wage claim is filed later than the date described by Section 61.051(c), the examiner shall dismiss the wage claim for lack of jurisdiction.").

We presume that the legislature was aware of the Texas Supreme Court's ruling in *Igal* and that the legislature intended to change the law. *See In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) (orig. proceeding) (explaining that courts presume the legislature "is aware of relevant case law when it enacts or modifies statutes"); *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex. Crim. App. 1979) ("In enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless." (citing *Stolte v. Karren*, 191 S.W. 600 (Tex. Civ. App.—San Antonio 1916, writ ref'd) (op. on reh'g))); *Risner v. Harris Cnty. Republican Party*, 444 S.W.3d 327, 343 (Tex. App.—Houston [1st Dist.] 2014, [mand. denied]) ("[W]hen interpreting an amendment to a statute, we presume that the legislature intends to change the law."); *see also Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004) (pointing out that the legislature "is bound to know the consequences of making a requirement jurisdictional"), *superseded by statute on other grounds*, Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 TEX. GEN. LAWS 3783, 3783 (current version

at TEX. GOV'T CODE ANN. § 311.034 (West 2013)); S. COMM. ON ECON. DEV., BILL ANALYSIS, Tex. S.B. 741, 81st Leg., R.S. (2009) (noting that the Texas Supreme Court ruled that the TWC's determination that a claimant's wage claim was filed after the 180-day deadline is a determination on the merits so that a claimant thereafter could not bring the same wage claim in court, and stating that the bill "amends current law relating to [TWC's] jurisdiction over a wage claim filed after the deadline").

Because the TWC no longer has subject-matter jurisdiction to address the merits of claims for unpaid wages that were due more than 180 days before the claim was filed, it could not render a final judgment on the merits on that portion of Campbell's wage claim. *See Igal*, 250 S.W.3d at 82 ("Res judicata does not apply when the initial tribunal lacks subject matter jurisdiction over the claim."); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (sub. op.) ("[A] judgment will never be considered final if the court lacked subject-matter jurisdiction."); *see also In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 641 (Tex. 2009) (orig. proceeding) (explaining that if statutory dismissal dates were jurisdictional, then the trial court's orders after that date would be void). Thus, to the extent that Campbell asserts claims for wages due more than 180 days before she filed her claim with the TWC, those claims have not yet been adjudicated and res judicata does not apply.

Depending on the dates on which Campbell's allegedly unpaid wages were due, the TWC ruling could be a final judgment on the merits as to all of her wage claim, part of it, or none of it. As the summary-judgment movant, Mabry bore the burden to prove what part of Campbell's current claim, if any, is barred by res judicata. Mabry argued that the TWC ruling was a final judgment on the merits of the entirety of Campbell's current claims, but because the TWC now has

6

jurisdiction only over claims for wages that allegedly were due not more than 180 days before the complaint was filed, Mabry's argument could succeed only if she established that all of the wages claimed in the TWC were due, if at all, not more than 180 days before Campbell filed her complaint. *See Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 151–52 (Tex. App.—Austin 1996, writ denied) (reversing summary judgment where the plaintiff's extra-contractual claims could not have been brought in an earlier action before an agency that had subject-matter jurisdiction only over contractual claims). Mabry did not attempt to do so.

We also have considered whether Mabry established her entitlement to a portion of the relief sought, that is, whether she asserted and proved that res judicata applies to some identifiable portion of Campbell's current wage claim. *Cf. McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 324–25 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (affirming summary judgment as modified where the movant conclusively established its right to a portion of the amount allegedly due under a promissory note, but failed to prove its entitlement to the full amount sought). But in her summary-judgment motion, Mabry did not address Campbell's wage-payment schedule at all. Because Mabry has not established the extent to which the claimed wages allegedly were due in the 180-day period before the TWC complaint was filed, we cannot know if they were part of the TWC's ruling on the merits. *Cf. Hernandez v. Del Ray Chem. Int'l, Inc.*, 56 S.W.3d 112, 114, 117 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (explaining that a case tried to a final judgment in 1990 did not bar a party's later claims under a 1987 promissory note where the final payment on the note was not due until 1992, and thus, was not part of the earlier suit). We therefore are unable to determine that the TWC ruling precludes Campbell from pursuing any of the wages she claims in this suit. *See*

*Wilburn v. State*, 824 S.W.2d 755, 766 (Tex. App.—Austin 1992, no writ) (sub. op.) (holding that movant for traditional summary judgment failed to meet its burden to establish the amount of contributions and penalties it was owed for wages paid after March 15, 1986 where its summary-judgment evidence reflected contributions and penalties due through March 30, 1986, and the portion due based on wages paid after March 15, 1986 could not be determined from the evidence); *Moreno v. Alejandro*, 775 S.W.2d 735, 738 (Tex. App.—San Antonio 1989, writ denied) (explaining that where the appellee's own summary-judgment evidence showed that some of the damages awarded to him from a lawsuit were community property, the appellee bore the burden to establish what portion of the damages represented his separate property).

In sum, Mabry failed to establish the first element of her affirmative defense. She therefore did not meet her initial burden to establish her entitlement to summary judgment, and the burden never shifted to Campbell. We accordingly sustain the sole issue presented for our review.

## IV. CONCLUSION

Because Mabry failed to establish, as a matter of law, the extent to which the TWC's ruling on Campbell's wage claim is a final judgment on the merits rather than a dismissal for lack of jurisdiction, we reverse the judgment and remand the case without addressing the remaining elements of Mabry's affirmative defense.


/s/     Tracy Christopher
         Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby (Frost, C.J., dissenting).