**Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00674-CV

## LAURIE POE, Appellant

## V.

## OMNI FLOW COMPUTERS, INC., Appellee

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2014-33603**

## M E M O R A N D U M   O P I N I O N

Appellant Laurie Poe filed a wage claim with the Texas Workforce Commission (TWC) in an unsuccessful effort to recover unpaid commissions from appellee Omni Flow Computers, Inc. She later filed suit in district court to recover the commissions, and the court granted summary judgment in favor of Omni Flow on the ground that Poe's suit was untimely. We conclude that the suit was time barred as to the commissions addressed by the TWC, but not as to the commissions

the TWC lacked jurisdiction to address. We therefore affirm in part and reverse in part.

## BACKGROUND

Poe contends that under the terms of her employment agreement with Omni Flow, it owes her additional commissions for work performed in 2012. In February 2013, Poe filed a wage claim with the TWC for $241,367.41 in unpaid commissions. The TWC issued a Preliminary Wage Determination Order dismissing Poe's wage claim and finding that (1) she was not entitled to additional commissions of $201,509.41 for the last three quarters of 2012 because Omni Flow had paid the correct amount for those quarters, and (2) it lacked jurisdiction over her claim for unpaid commissions for the first quarter of 2012 because they would have been due more than 180 days before Poe filed her claim. Poe appealed this decision and the Wage Claim Appeal Tribunal affirmed, issuing a Texas Payday Law Decision explaining its reasoning. The decision was mailed on October 15, 2013, and became final fourteen days later.

On June 11, 2014, Poe filed a petition in state district court, pleading claims against Omni Flow for breach of contract and promissory estoppel based on the same unpaid commissions. Omni Flow filed a traditional motion for summary judgment on the sole ground that Poe's claims were untimely under section 61.062 of the Texas Labor Code. The trial court granted summary judgment, and Poe timely filed this appeal.

## ANALYSIS

In a single issue, Poe contends that the trial court erred in granting summary judgment in favor of Omni Flow. We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex.

2

2010). We consider all of the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When the movant is a defendant, a trial court should grant summary judgment only if the defendant (1) negates at least one element of each of the plaintiff's causes of action, or (2) conclusively establishes each element of an affirmative defense. *Clark v. ConocoPhillips Co.*, 465 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A defendant moving for summary judgment on the affirmative defense of limitations must conclusively prove that defense as a matter of law. *Id.* The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes each element of its cause of action or defense as a matter of law. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

A party who has exhausted remedies under the Texas Labor Code may file suit to appeal the TWC's final administrative order not later than the thirtieth day after the date the order is mailed. Tex. Lab. Code Ann. § 61.062 (West 2015). When a claimant chooses to file a wage claim under the statute, she is required to abide by the statute's provisions. *See Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 193 (Tex. App.—Fort Worth 1995, writ denied). Thus, "[t]o pursue common-law remedies after filing a claim under the Payday Law, a claimant must withdraw his claim with the TWC *before* its decision becomes final." *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 511 (Tex. App.—Houston [1st Dist.]

2006, pet. denied); *see Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 88–89 (Tex. 2008).

Omni Flow's summary-judgment evidence shows that the TWC's Texas Payday Law Decision was mailed on October 15, 2013, and it became final fourteen days later on October 29, 2013. *See* Tex. Lab. Code Ann. § 61.061(c) (West 2015). Poe filed suit on June 11, 2014. Because Poe's suit for unpaid commissions was not filed within thirty days after the date the TWC's order became final, it was untimely. *See id.* § 61.062. As to the commissions addressed in the TWC's order, therefore, the trial court correctly granted summary judgment and dismissed Poe's claims.

The TWC determined, however, that Poe's claim for commissions from the first quarter of 2012 were outside its jurisdiction because they would have been due more than 180 days before she filed her claim. *See id.* § 61.051(c); *Campbell v. Mabry*, 457 S.W.3d 173, 176 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Therefore, the statute requiring suit to be filed within thirty days of the decision being mailed did not apply to claims based on the first-quarter commissions. *See Campbell*, 457 S.W.3d at 176. Poe's breach of contract and promissory estoppel claims regarding unpaid commissions for the first quarter of 2012 fall under the general four-year statute of limitations, and Omni Flow does not contend that this statute bars the claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2014).

Omni Flow argues on appeal that although the TWC did not have jurisdiction over Poe's first-quarter claims, her suit for those claims is barred by res judicata in light of statements in the Appeal Tribunal's decision. This argument cannot provide a basis for affirmance, however, because Omni Flow did not move for summary judgment based on res judicata. *See Olmstead v. Napoli*, 383 S.W.3d

4

650, 652 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("When reviewing a summary judgment motion, we cannot read between the lines or infer from the pleadings or evidence any grounds for summary judgment other than those expressly set forth before the trial court."). Moreover, for res judicata to apply, the previous determination of the claim must have been rendered by a court of competent jurisdiction. *Travelers Ins. Co.*, 315 S.W.3d at 862. In its decision, the Appeal Tribunal expressly stated it did not have jurisdiction over Poe's first-quarter claims. Any indication in the decision that Poe had been properly paid for her first-quarter claims therefore has no preclusive effect. *See Campbell*, 457 S.W.3d at 176. We sustain Poe's issue in part and hold that the trial court erred in granting summary judgment as to Poe's claims for first-quarter commissions.

## CONCLUSION

Omni Flow only established its right to summary judgment on Poe's claims over which the TWC had jurisdiction. Accordingly, we affirm the summary judgment in part as to those claims, and we reverse the judgment in part and remand for further proceedings on Poe's claims for first-quarter 2012 commissions.


/s/     J. Brett Busby
        Justice


Panel consists of Justices Christopher, McCally, and Busby.