**Reversed and Remanded and Memorandum Opinion filed October 29, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00725-CV

## VICTOR ANTHONY CHARLES, Appellant

## V.

## CHERYL HARRIS DIGGS, Appellee

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-08158**

## M E M O R A N D U M    O P I N I O N

In this legal-malpractice case, the trial court granted the defendant attorney summary judgment on the grounds of res judicata and collateral estoppel. These grounds were supported only by evidence that the client's grievance against the attorney was dismissed by the State Bar's Office of the Chief Disciplinary Counsel, and the dismissal was affirmed by the Board of Disciplinary Appeals; however, the disciplinary rules do not set the standard for civil liability, and the client's civil claim is based in part on circumstances that arose after the client filed his grievance. We

accordingly reverse the judgment in the attorney's favor and remand the cause for further proceedings consistent with this opinion.

## I. BACKGROUND

Attorney Cheryl Harris Diggs was appointed in May 2017 to defend Victor Anthony Charles against the charge of aggravated assault of a family member. Charles repeatedly informed Diggs in May, June, July, and August that he had not been given a probable-cause hearing within forty-eight hours as required. In August, he additionally told Diggs that the complaining witness had recanted. Despite these communications, Diggs allegedly misrepresented to the trial court at a subsequent hearing that she had not heard from Charles since his arrest, and she failed to address the delayed probable-cause hearing or the complaining witness's recantation. In January 2018, Charles himself emailed the assistant district attorney and asked for the charges to be dismissed. Because Diggs continued in her failure to seek dismissal, Charles retained his own counsel, Rubin Cartwright and Eddrea McKnight.

Charles filed a grievance against Diggs on April 18, 2018, and in May 2018, the Office of the Chief Disciplinary Counsel of the State Bar of Texas categorized the grievance as "an inquiry" and dismissed it.[1] Charles appealed the ruling, which was affirmed by the Board of Disciplinary Appeals in June 2018.

Meanwhile, the State first postponed Charles's criminal trial, then dismissed the felony charges and refiled the charges as a misdemeanor. In October 2018, the trial court dismissed the charges altogether.

---

[1] *See* TEX. GOV'T CODE ANN. § 81.074(1) ("The chief disciplinary counsel shall . . . dismiss a grievance classified as an inquiry . . . .").

Charles then sued Diggs for legal malpractice and breach of fiduciary duty. According to Charles, Diggs's failure to review the entire case file and act on the information he provided caused Charles's needless incarceration from May 2017 to October 2018.

Diggs moved for traditional summary judgment on the grounds of res judicata and collateral estoppel, arguing that the dismissal of Charles's professional grievance against Diggs barred his civil claims. Charles responded that his civil claims were not barred because the felony charge against him was still pending when he filed a grievance, whereas his civil complaints are based on the subsequent dismissal of all charges against him.[2]

The trial court granted Diggs's motion without stating the grounds and denied Charles's motion for new trial. He now seeks reversal of the judgment on the ground, among others, that he did not and could not have presented in the disciplinary proceeding the facts and matters at issue in his civil suit because those facts and issues did not exist when he filed the grievance.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). A party seeking traditional summary judgment bears the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort*, 289 S.W.3d

---

[2] *Cf. Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) (plurality op.) ("[P]laintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise."); *Johnson v. Odom*, 949 S.W.2d 392, 393 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (applying *Peeler* to client's claims against attorney for legal malpractice, breach of fiduciary duty, breach of contract, and violations of the Texas Deceptive Trade Practices Act).

at 848. To determine if the movant met this burden, we consider the evidence in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant, and resolving any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

## III. ANALYSIS

A party relying on the affirmative defense of collateral estoppel must prove that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). A party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

A simple review of his pleadings shows that Charles is correct in arguing that his civil suit relies in large part on the dismissal of the charges against him, and because that occurred only after he filed his grievance, those facts, and the issues they inform, were not, and could not have been, litigated as part of the grievance.

Although Charles established that the facts and issues in his civil suit had not yet arisen when he filed his grievance, and they accordingly were not, and could not have been, litigated in those proceedings, we should not be understood to hold that Charles was required to make such a showing. Because we treat appellate issues "as covering every subsidiary question that is fairly included,"[3] we feel bound to point

---

[3] TEX. R. APP. P. 38.1(f).

4

out that the summary-judgment motion itself failed to set forth legally cognizable grounds, because the Texas Rules of Disciplinary Procedure have always provided, as a matter of law, that "[n]either the Complainant nor the Respondent is affected by the doctrines of res judicata or estoppel by judgment from any Disciplinary Action."[4] Moreover, the dismissal of a grievance does not preclude the complaining witness from bringing a legal-malpractice or breach-of-fiduciary-duty claim against the attorney for the additional reason that no such claims could have been brought before a tribunal that has jurisdiction only over disciplinary and disability determinations and not over claims of civil liability.[5] Further still, the Texas Disciplinary Rules of Professional Conduct "do not undertake to define standards of civil liability of lawyers for professional conduct."[6]

Because Diggs failed to conclusively establish that Charles's civil claims are barred by res judicata or collateral estoppel, we sustain the sole issue presented.

## IV. CONCLUSION

For the foregoing reasons, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

---

[4] Rule 15.03, *Amendments to the Texas Rules of Disciplinary Procedure*, Misc. Docket No. 9209, at 47 (Tex. Dec. 29, 2003), *available at* https://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/03/03920900.pdf (formerly numbered as TEX. RULES DISCIPLINARY P. R. 15.05; currently renumbered as TEX. RULES DISCIPLINARY P. R. 17.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1).

[5] *See, e.g.*, TEX. STATE BAR R. art. II, § 3, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A; TEX. GOV'T CODE ANN. § 81.071; *see also Campbell v. Mabry*, 457 S.W.3d 173, 175–77 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (res judicata does not apply where the first tribunal lacked jurisdiction over the claims raised in the second action); *Rodriguez v. Womack*, No. 14-10-01213-CV, 2012 WL 19659, at *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (same).

[6] TEX. DISCIPLINARY RULES PROF'L CONDUCT Preamble: Scope, § 15, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A, (TEX. STATE BAR R. art. X, § 9).

/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jewell, and Zimmerer.